**UTAH POWER AND LIGHT COMPANY, Plaintiff,**

v.

**PUBLIC SERVICE COMMISSION OF UTAH; Brent H. Cameron, Chairman; David R. Irvine, Commissioner; James J. Byrne, Commissioner, Defendants.**

**Southern Utah Municipalities, Real Party in Interest.**

**No. 19850.**

Supreme Court of Utah.

Dec. 17, 1985.

Robert Gordon, Helen J. Edwards, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Salt Lake City, George K. Fadel, Bountiful, for defendants.

HOWE, Justice:

Utah Power and Light Company (UP & L) seeks review of a Public Service Commission (PSC) order that extended the time within which certain southern Utah municipalities (the municipalities) could exercise options to purchase electrical distribution systems within their limits.

On April 29, 1980, UP & L and CP National Corporation (CPN) filed a joint application with the PSC requesting approval of a sale by CPN to UP & L of CPN's public utility electric system in Iron, Kane, and Washington Counties. The municipalities (which all lie within the three counties) protested the sale and requested that they be permitted to acquire ownership of the CPN distribution system within their corporate limits. In order to avoid the possibility of wasteful duplication of the existing distribution system by the municipalities, the PSC required UP & L to extend options to the municipalities to purchase that portion of the CPN distribution system within their limits.

UP & L and the municipalities, with the assistance of a mediator, negotiated the terms and provisions of the options. The options were reduced to writing, and the PSC approved their terms. The order of the PSC expressly made the options subject to its continuing jurisdiction. The options established definite times for performance, including a deadline within which they were to be exercised. Other provisions set forth the formula by which the purchase price would be determined and other conditions of the sale.

Finally, on December 5, 1983, the municipalities filed a petition with the PSC for an extension of time to exercise their options. The Commission held a hearing on that petition on December 19. By that date, the deadline to exercise the options had either expired or was due to expire within two weeks. On January 20, 1984, the PSC issued its order allowing the municipalities an extension until February 6 within which to exercise their options. The PSC retained jurisdiction over the subject of the sale.

UP & L is now before us on certiorari seeking review of the authority of the PSC to issue the January 20 order. UP & L

inveighs against the order on the grounds that the PSC had no statutory authority to extend the deadline for the exercise of the options, that in doing so it interfered with private contractual relationships, that it also constituted an unlawful interference with the right of UP & L's management to conduct its business, that it violated the federal and state constitutional prohibitions against impairing the obligation of contracts, and that consequently the Commission's actions in modifying the options were arbitrary and capricious.

The cases of this Court involving reviews of PSC orders make frequent reference to the broad powers vested in the PSC by the legislature. U.C.A., 1953, § 54–4–1 provides:

> General jurisdiction. The commission is hereby vested with power and jurisdiction to supervise and regulate every public utility in this state, and to supervise all of the business of every such public utility in this state, and to do all things, whether herein specifically designated or in addition thereto, which are necessary or convenient in the exercise of such power and jurisdiction; provided, however, that the department of transportation shall have jurisdiction over those safety functions transferred to it by the Department of Transportation Act.

More specifically related to the matter before us, section 54–4–30 interdicts the acquisition of property of one utility by another without the consent and approval of the PSC. That section provides:

> Hereafter no public utility shall acquire by lease, purchase, or otherwise the plants, facilities, equipment, or properties of any other public utility engaged in the same general line of business in this state, without the consent and approval of the Public Utilities Commission. Such consent shall be given only after investigation and hearing and finding that said purchase, lease, or acquisition of said plants, equipment, facilities, and properties will be in the public interest.

In view of the two foregoing statutes, it is clear that the PSC had jurisdiction over the sale of the CPN system to UP & L. UP & L further concedes that the Commission had the authority to require it to extend options to the municipalities to acquire CPN's distribution system within their corporate limits. It did not take an appeal from and does not now assail earlier orders of the Commission which required UP & L to negotiate with the municipalities on that subject. Certainly if the PSC had authority in the first instance to require UP & L to extend options to the municipalities, it had the authority to subsequently extend the time within which the municipalities could exercise those options when good and sufficient reasons appeared. The order of the PSC approving the options expressly made them subject to the continuing jurisdiction of the PSC. Contrary to UP & L's assertion, the PSC did not attempt to rewrite the terms and provisions of a contract between it and the municipalities. The options are nothing more than offers and do not become contracts until they are exercised by the municipalities. The only party bound by the options is UP & L. *J.R. Stone Co. v. Keate,* Utah, 576 P.2d 1285, 1288 (1978); *Catmull v. Johnson,* Utah, 541 P.2d 793 (1975). The Commission's order of January 20 extending the time for the exercise of the options was nothing more than an order that UP & L keep open for several weeks longer the offer it had extended to the municipalities. As a concomitant of its authority to require the option to be granted in the first instance, the PSC had the authority to later require that the option period be extended. UP & L characterizes the issue of this case as whether the PSC could lawfully "go beyond its jurisdictional powers by directly interfering with, modifying, and changing the rights and obligations of the parties *after* they had entered into valid contracts that are binding as a matter of law." We do not find that the PSC has attempted to do that. UP & L cites numerous cases prohibiting state regulation or interference with contracts of public utilities. Those cases are not pertinent here where no such interference has been attempted. UP & L has not identified and we have been unable to discover a

single contractual obligation owed by the municipalities to UP & L which was interfered with by the PSC's order.

The order of the PSC is affirmed. Costs are awarded to the municipalities.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., dissents.